IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JORGE L. NIEBLA,
    Plaintiff,

vs.      Case No. 5:09cv190/RS/MD

MAILROOM APALACHEE CI,
    Defendant.

### REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding *pro se,* commenced this action on May 28, 2009 by filing a civil rights complaint pursuant to 42 U.S.C. § 1983.  (Doc. 1).  Neither the $350.00 filing fee nor a motion for leave to proceed *in forma pauperis* has been filed.  Having reviewed the complaint, applicable statutes and controlling case law, the court finds that this complaint is subject to summary dismissal.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* in a civil action under certain circumstances.  The statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Plaintiff has not attempted to proceed *in forma pauperis* in this case.  However, a prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and his failure to do so

Case 5:09-cv-00190-RS-MD   Document 4   Filed 06/03/09   Page 2 of 3

*Page 2 of  3*

warrants dismissal without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.");  *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001).  The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004); *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998).

      **Plaintiff is well aware of § 1915(g) as evidenced by this Court's ongoing recognition of his status as a "three striker" in *Niebla v. Florida Dep't of Corrections*, Case Number 5:09cv136/RS/MD; *Niebla v. Atkins*, Case Number 5:08cv363/RS/MD; *Niebla v. Magaha*, Case number 3:08cv13/MCR/MD; and *Niebla v. Abdul-Wasi*, 3:05cv433/LAC/EMT.  By the time plaintiff brought the instant action, he knew that he had three strikes and could not proceed *in forma pauperis*.**

      The allegations of plaintiff's complaint do not entitle him to avoid the bar of § 1915(g), as they do not suggest he was under imminent danger of serious physical injury at the time he initiated this proceeding.  *See Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999) (holding that in order to come within the imminent danger exception to the three strikes rule, a prisoner must be in imminent danger at the time he files suit in district court).  To the contrary, plaintiff complains that mail room staff have thrown away certain inmate request slips he submitted, and that staff may also be discarding some of his incoming and outgoing mail.  (Doc. 1, pp. 5-6).  These allegations do not indicate plaintiff was under imminent danger of serious physical injury at the time he filed this complaint.

      Because plaintiff did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case must be dismissed under § 1915(g).  Leave should not be provided so that he can pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint.  *Dupree v. Palmer, supra*.

*Case No: 5:09cv190/RS/MD*

**Accordingly, it is respectfully RECOMMENDED:**

**That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g), and the clerk be directed to close the file.**

**At Pensacola, Florida this 3rd day of June, 2009.**

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).**